### ALLEN T. JOHNSON *vs*. WILLIAM DONALDSON *et ux*.

In a Special Court action of trespass and ejectment brought against husband and wife, it appeared that the wife made no claim in her own right, and did not actively coöperate with her husband to keep the plaintiff out of possession. Judgment was rendered against both defendants jointly.

*Held*, error. The judgment against the wife is reversed, that against the husband affirmed.

    EXCEPTIONS to a Special Court of Common Pleas.

    *December* 10, 1890. PER CURIAM. The bill of exceptions shows that the defendant, William Donaldson, entered into possession of the estate sued for as grantee of the equity of redemption, said estate being then under mortgage ; that the estate was subsequently sold by virtue of the power of sale in the mortgage to the plaintiff, and that, notwithstanding the sale and notice to quit, said defendant still continued to hold possession, wherefore the plaintiff brought this action. The action is against him and his wife, though the wife, if we read the exceptions aright, has never occupied except as wife, making no claim in her own right. She asked to have the plaintiff nonsuited as to her, but the court rendered judgment against her jointly with her husband.

    We think this was error. *Rose* v. *Bell*, 38 Barb. S. C. 25, cited for the wife, is directly in point. In that case the defendants were husband and wife. The premises sued for had been sold under a mortgage given by them to the plaintiff. After the sale, while the husband was still in possession of the premises, claiming them as his own, his wife, without his knowledge, contracted with the plaintiff for the purchase of them, but failed to carry out the contract. The court held that the contract was a nullity, and that the wife was improperly joined, the possession in law being not hers but

her husband's. Nothing shows in the case at bar that the wife took part with her husband actively in keeping the plaintiff out of the estate.

Our decision is, that the exception be sustained, and that judgment be entered for the defendants in behalf of the female defendant for her costs of this court and the court below, and that the judgment of the court below against the defendant, William Donaldson, be affirmed without costs of this court.

Other exceptions taken are not pressed, and are overruled.

*Stephen A. Cooke, Jun., & Louis L. Angell*, for plaintiff.

*Nathan W. Littlefield*, for defendants.